836 F.2d 1347
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
In re Martin J. HUGHES, Petitioner.
 No. 87-4069.
 United States Court of Appeals, Sixth Circuit.
 Jan. 13, 1988.
 
 Before ENGEL, MERRITT and CORNELIA G. KENNEDY, Circuit Judges.
 
 ORDER
 
 1
 Petitioner Martin J. Hughes seeks a writ of mandamus or alternatively, declaratory relief, directing the district court to exercise its authority to stay a civil or employment disability, pursuant to Fed.R.Crim.P. 38(f), as amended by the Sentencing Reform Act of 1984. The district court submitted a current copy of the docket sheet.
 
 
 2
 Hughes, a vice president of the Communications Workers of America, AFL-CIO, was convicted of ten counts of making false reports (falsifying union records) and aiding and abetting, in violation of 29 U.S.C. Sec. 439(c) and 18 U.S.C. Sec. 2, and two counts of assisting in the filing of false income tax returns, in violation of 26 U.S.C. Sec. 7204 and Sec. 7206. On November 13, 1987, the district court suspended Hughes' sentence, placed him on probation for two years on the income tax counts, the terms to run concurrently, and fined him $10,000. The court reduced the disability imposed by 29 U.S.C. Sec. 504 to three years, in essence, prohibiting Hughes from representing or serving the union for that period of time but denied his motion to stay the disability pending appeal. As a result, Hughes says proceedings have begun to remove him the Cuyahoga County Board of Elections, where he holds a seat by virtue of his union office.
 
 
 3
 The Sentencing Reform Act of 1984 (the Act) amended Fed.R.Crim.P. 38 by providing that a civil or employment disability arising under a federal statute by virtue of a defendant's conviction or sentence, may, if an appeal is taken, be stayed by the district court or by the court of appeals upon such terms as the court finds appropriate. According to Hughes, the district judge stated that, in this circuit, the change in Rule 38 effectuated by Act would be applied only to offenses committed after November 1, 1987. Hughes' petition asserts that this position is contrary to the express provisions of the Act and its legislative history. She further stated upon the record that were she empowered to do so, she would have granted the stay.
 
 
 4
 This issue is further clouded by the Sentencing Act of 1987, P.L. No. 100-182, 1988 U.S.Code Cong. & Admin.News (101 Stat.) 1266, which amended the Act of 1984 in several respects. However, we do not need to resolve the issue in order to grant the stay which Hughes seeks and we express no opinion on the merits of his argument. Hughes timely appealed from his conviction and sentence. We have considered Hughes' request for relief and in view of the district court's statement that it would grant the requested stay if it had the authority to do so, we elect to exercise this court's inherent powers, ancillary to an appeal, to stay the imposition of civil and employment disability, pending appeal.
 
 
 5
 It is so ORDERED.